UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JANICE JONES,

    Defendant.
_____/

CASE NO. 97-6151-CR-ZLOCH
MAGISTRATE JUDGE SELTZER

### *SENTENCING MEMORANDUM*

COMES NOW the defendant by and through his undersigned attorney and submits this memorandum regarding the defendant's forthcoming sentencing.

The defendant was placed on a term of supervised release on April 2, 1996 for the offense of embezzlement by a bank employee. The defendant was ordered to pay $33,552.91 in restitution. The defendant has no previous record. On October 2, 1997 a petition for warrant for violation of supervised release was filed. This petition alleges five violations of supervised release. To these violations the defendant will plead guilty. It is to the issue of sentencing this memorandum applies. Section 18 U.S.C. 3583(g) requires mandatory revocation for possession of controlled substance. However, § 18 U.S.C. 3583(d) requires the court, in a case with a failed drug test, such as the instant one, to consider the availability of appropriate substance abuse treatment programs. The defendant requests that the court consider this plan of treatment as the defendant struggles with substance abuse and has never had any intervention for same.

Ms. Jones is the mother of three children aged 13, 7 and twenty-one months. Ms. Jones turned to drugs after years of spousal abuse. The defendant's husband, Kermit, began beating her in 1991. Ms. Jones has called the Metro Dade P.D. to the home on dozens of occasions. Usually,



this resulted in Mr. Jones being requested to leave the residence. The defendant would thereafter sink into depression. Finally, in 1996 she began using drugs. The defendant is currently separated from her husband, although she has frequent contact with him.

The United States Probation Office through Officer Kerry Enriquez, recommended a halfway house after the initial violations in August, 1997. The defendant could not avail herself of this at the time, as she had substantial medical problems which required surgery. Since that time, the defendant has had uterine surgery. She has planned future surgery to alleviate abdominal blockage. Medical documentation of these conditions will be made available at the sentencing. Further, the defendant suffers from hypertension. If the court finds § 18 U.S.C. 3583(d) applicable, the defendant is motivated to and prepared for whatever substance abuse treatment program the court considers appropriate. It is requested that the defendant, who has no previous record, be given an opportunity to receive treatment for her abuse problem, so she may go forward and take care of her three children.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Timothy Day
Assistant Federal Public Defender
Florida Bar No. 360325
101 N.E. 3rd Avenue, Suite 202
Ft. Lauderdale, Florida 33301
(954) 356-7436; FAX (954) 356-7556

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed this 14 __ of January, 1998, to Thomas Lanigan, Office of the United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

_____
Timothy M. Day